**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RUDI RIVAS,

                           Plaintiff,

            -against-

SUFFOLK COUNTY, SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE,
LOLA FAE CATTERSON, as representative
and executrix of the Estate of James Catterson,
SUFFOLK COUNTY POLICE
DEPARTMENT, JOHN KUMIEGA, and
JAMES RIVERA

                           Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
95-CV-387 (ADS)(WDW)

**APPEARANCES:**

**JAMES NEVILLE, ESQ.**
Attorney for the Plaintiff
14 Vanderventer Avenue, Suite 115, P.O. Box 1711
Port Washington, NY 11050

**CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY**
Attorney for Defendants Suffolk County, Suffolk County District Attorney's Office,
Suffolk County Police Department, John Kumiega, and James Rivera
H. Lee Dennison Building, Fifth Floor, P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
      By: Arlene S. Zwilling, Esq., Assistant County Attorney

**THEODORE D. SKLAR, ESQ.**
Attorney for Lola Fae Catterson as representative of the Estate of James Catterson
108 East Main St., P.O. Box 279
Riverhead, N.Y. 11901

**SPATT, District Judge**.

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. On April 17, 2009, three days before the start of jury selection in this matter, Rudi Rivas ("Rivas" or "the Plaintiff"), filed a motion under Fed. R. Civ. P. 55 arguing that he is entitled to a default judgment because of the Court's delay in bringing this matter to trial and the Defendants' failure to comply with a July 1996 discovery ordering requiring the production of any documents relating to Rivas's alleged false arrest for attempted murder.

First, to the extent that the Court—and not Rivas himself—has delayed this matter from going to trial, the Court fails to perceive how this alleged delay could possibly justify entering a default against the Defendants. Second, the Court will not entertain a default judgment made on the eve of trial that is founded upon alleged discovery abuses committed a decade ago. This strange move appears to be a delay tactic, in a long line of delay tactics by all sides, designed to preclude another trial in this matter. Accordingly, the Court finds no basis for entering a default judgment against the Defendants.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion for a default judgment is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
       April 20, 2009

                                        _____
                                              ARTHUR D. SPATT
                                           United States District Judge