**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RUDI RIVAS,

                              Plaintiff,

               -against-

SUFFOLK COUNTY, SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE,
LOLA FAE CATTERSON, as representative
and executrix of the Estate of James Catterson,
SUFFOLK COUNTY POLICE
DEPARTMENT, JOHN KUMIEGA, and
JAMES RIVERA

                             Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
95-CV-387 (ADS)(WDW)

**APPEARANCES:**

**RUDI RIVAS**
Pro Se Plaintiff
Sullivan Correctional Facility, P.O. Box 116
Fallsburg, New York 12733

**CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY**
Attorney for Defendants Suffolk County, Suffolk County District Attorney's Office,
Suffolk County Police Department, John Kumiega, and James Rivera
H. Lee Dennison Building, Fifth Floor, P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
      By: Arlene S. Zwilling, Esq., Assistant County Attorney

**THEODORE D. SKLAR, ESQ.**
Attorney for Lola Fae Catterson as representative of the Estate of James Catterson
108 East Main St., P.O. Box 279
Riverhead, N.Y. 11901

**SPATT, District Judge**.

Pro Se Plaintiff Rudi Rivas ("Rivas") commenced this civil rights lawsuit in January of 1995 alleging, among other things, that he was arrested without probable cause and maliciously prosecuted for second-degree murder. After more than fourteen years and two trials, a jury in this case returned a verdict in favor of the Defendants in April of 2009. Presently before the Court is Rivas's Federal Rule of Civil Procedure 59 ("Rule 59") motion for a new trial. In the alternative, Rivas requests that the Court exercise its discretion under Rule 59(e) to overturn the jury's verdict and enter a default judgment against the Defendants. For the reasons set forth below, Rivas's motion is denied in all respects.

## I. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and tortured procedural history of this case. However, a brief review of the pertinent background is in order.

On April 17, 2009, three days before the start of the second trial in this case, Rivas filed a motion under Fed. R. Civ. P. 55 claiming that he is entitled to a default judgment because of the Court's delay in bringing this matter to trial and the Defendants' failure to comply with a July 1996 discovery order requiring the production of any documents relating to Rivas's alleged false arrest. As he did during

his trial in 2004, Rivas claimed that the delays were such that he could no longer remember pertinent details or find witnesses to testify on his behalf.

The Court denied the motion, finding that the delay—which Rivas had a significant hand in causing—did not justify entering a default judgment against the Defendants. In doing so, the Court noted that Rivas's motion appeared to be nothing more than a delay tactic designed to forestall the impending trial.

On April 28, 2009, after a trial at which Rivas was represented by counsel, the jury returned a defense verdict on Rivas's malicious prosecution claim, the only remaining cause of action in the case. On May 20, 2009, Rivas filed the instant motion: (1) seeking a new trial; or in the alternative (2) requesting that the Court enter a default judgment against the Defendants in place of the jury's verdict.

## II. DISCUSSION

### A. Standards of Review

The Second Circuit has counseled that a motion for a new trial under Rule 59(a) ordinarily "should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 106 (2d Cir. 2002). Under Rule 59(e), a district court may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." Munafo v. Metropolitan Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted).

**B. Rivas's Rule 59 Motion**

Rivas makes little effort, if any, to explain why he is entitled to a new trial under Rule 59(a). In any event, based on the Court's own supervision of the case, it is clear that the jury did not reach an erroneous result or return a verdict that constitutes a miscarriage of justice. Similarly, the Court perceives no sound reason to amend the judgment in this case. The Court denied Rivas's pre-trial motion for a default judgment and the present motion is nothing more than an attempt to relitigate this issue. Now that Rivas has had his (second) day in Court and a jury has returned a verdict in the Defendants favor, the Court will not overturn that verdict simply because Rivas believes that the Defendants engaged in dilatory tactics and discovery abuses. Accordingly, Rivas's motion under Rule 59 is denied in all respects.

### III. CONCLUSION

Rivas's Rule 59 motion is denied in all respects.

Dated: Central Islip, New York
April 1, 2010

                                          */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                      United States District Judge